UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DUNKIN' DONUTS FRANCHISED
RESTAURANTS LLC, BASKIN-ROBBINS
FRANCHISED SHOPS LLC, and DB REAL
ESTATE ASSETS I LLC,

    Plaintiffs,

v.

Case No. 06-15078

Honorable Patrick J. Duggan

MR. OMAR, INC., a Michigan corporation,
WAEL ELHAJORMAR, individually, and
YOUSEFF ALKAWASMIE, individually,
jointly and severally,

    Defendant(s).
_____/

## OPINION AND ORDER

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on May 16, 2008.

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
                   U.S. DISTRICT COURT JUDGE

This lawsuit arises from Mr. Omar, Inc.'s breaches of a Franchise Agreement entered into with Dunkin' Donuts Franchised Restaurants LLC and Baskin-Robbins Franchised Shops LLC and a Lease Agreement entered into with DB Real Estate Assets I LLC.[1] On November 13, 2006, Plaintiffs filed a complaint in this Court asserting the

---

[1] Unless otherwise specified, Dunkin' Donuts Franchised Restaurants LLC, Baskin-Robbins Franchised Shops LLC, and DB Real Estate Assets I LLC will be collectively referred to as "Plaintiffs" in this Opinion and Order. Likewise, unless otherwise specified, Mr. Omar, Inc. and Wael Elhajormar will be collectively referred to as

following counts: Count I (Declaratory Judgment – Termination of Franchise Agreement and Lease and Injunctive Relief); Count II (Trademark Infringement); Count III (Breach of Franchise Agreement); Count IV (Breach of Lease); and Count V (Breach of Personal Guarantees). In an Opinion and Order issued on March 10, 2008, this Court granted summary judgment to Plaintiffs as to liability on Counts III, IV, and V, and dismissed Counts I and II of Plaintiffs' complaint as moot. Presently before this Court are: (1) Plaintiffs' "Detailed and Accurate Accounting of Amounts Owed by Defendants Submitted Pursuant to this Court's Order Dated March 10, 2008;" and (2) Plaintiffs' "Motion for Bill of Costs, for Rule 11 Sanctions and for an Award of Attorney Fees Against Defendants and Counsel." Defendants have not responded to either of the aforementioned filings and the time for response has expired. *See* E.D. Mich. LR 7.1(d)(2)(B); (3/10/08 Op. & Or. at 12-13.) Having reviewed the Plaintiffs' filings, the Court sees no need for oral argument, and is therefore dispensing with oral argument in accordance with Local Rule 7.1(e)(2).

I. **Amounts Owed by Defendants Due to Defendant Mr. Omar, Inc.'s Breaches of the Franchise and Lease Agreements and Defendant Elhajormar's Breach of the Personal Guarantees**

In the March 10, 2008 Opinion and Order, the Court ordered "Plaintiffs [to] submit a detailed and accurate accounting of the damages they claim are owed by Defendants as a result of the breaches of the Franchise Agreement, Lease, and personal guarantees, including the specific provisions of the Franchise Agreement, Lease, and/or personal

---

"Defendants" in this Opinion and Order. Yousef Alkawasmie was voluntarily dismissed from this action on March 4, 2008.

2

guaranty pursuant to which Plaintiffs are claiming such amounts, within fifteen (15) days of the date of this Opinion and Order." (3/10/08 Op. & Or. at 12-13.) In addition, the Court stated that "Defendants may file a response to Plaintiffs' accounting within fifteen (15) days of its service upon them." (*Id.* at 13.) Plaintiffs filed their detailed and accurate accounting on March 20, 2008.

The Court has carefully reviewed Plaintiffs' detailed and accurate accounting and is satisfied from the evidence referenced therein that Plaintiffs are entitled to the following damages from Defendants:

1. For Defendant Mr. Omar, Inc.'s breach of the Franchise Agreement, Plaintiffs are entitled to $76,995.79 for unpaid Franchise and Advertising fees. (*See* Szegda Cert.[2] ¶ 8 and Exhibit 4 attached thereto.)

2. For Defendant Mr. Omar, Inc.'s breach of the Lease Agreement, Plaintiffs are entitled to $79,433.36 for unpaid Base Rent and $4,040.00 for unpaid local, state, and federal taxes. (*See id.*)

3. For Defendant Wael Elhajormar's breaches of his personal guarantees of all Defendant Mr. Omar, Inc.'s obligations under the Franchise and Lease Agreements, Plaintiffs are entitled to all unpaid amounts under the Franchise and Lease Agreements, in the total amount of $160,469.15 from Defendant Wael Elhajormar personally. (*See id.*)

## II. Attorney Fees and Costs Owed by Defendants and Defendants' Counsel

In addition to seeking damages as a result of Defendants' breaches, Plaintiffs also

---

[2]Attached to Plaintiffs' Detailed and Accurate Accounting is the Certification of Donna Szegda. For ease of reference, the Court will cite Ms. Szegda's Certification as "Szegda Cert."

3

seek costs and attorney fees from Defendants and Defendants' counsel. Plaintiffs seek costs and attorney fees from Defendants based on provisions in the Franchise and Lease Agreements. The Franchise Agreement provides in relevant part:

> 9.3 **Late Fee, Interest and Costs.** If FRANCHISEE fails to cure a default within any applicable time period following notice set forth in subsection 9.1 or if this Agreement is terminated as a result of FRANCHISEE's default. FRANCHISEE shall pay to FRANCHISOR all damages, costs and expenses, including, without limitation, late fees, collection fees, interest at one and one-half percent (1.5%) per month, or the highest permissible rate, and *reasonable . . . attorneys' fees incurred by FRANCHISOR as a result of any such default or termination*. All such interest, damages, *costs and expenses* may be included in and form part of the judgment awarded to FRANCHISOR in any proceedings brought by FRANCHISOR against FRANCHISEE.
>
> 9.4 **Termination.** If FRANCHISEE fails to cure any default within the applicable period following notice from FRANCHISOR, FRANCHISOR may, in addition to all other remedies at law or in equity or as otherwise set forth in this Agreement, immediately terminate this Agreement. . . . Upon any termination or expiration of this Agreement . . . .
>
> 9.4.1. FRANCHISEE shall promptly pay FRANCHISOR all sums owing or accrued from FRANCHISEE to FRANCHISOR, the Fund, and any affiliated landlord entity, including interest and *any damages, costs and expenses, including reasonable attorneys' fees, incurred by FRANCHISOR by reason of default on the party of FRANCHISEE* . . . .

(Pls.' Compl. Ex. A at pp. 12-13 (emphasis added).) Moreover, the Lease Agreement provides:

> 18.(c) If Tenant fails to pay Landlord when due any payments required under this Lease, Tenant agrees to pay interest on the unpaid amounts at the rate of 18% per annum or the highest rate allowed under applicable law, whichever is

> less, in addition to the unpaid amounts. *Tenant shall also pay, upon demand, all of Landlord's costs, charges and expenses, including reasonable attorneys' fees, court costs and fees of agents and others retained by Landlord incident to the enforcement of any Tenant's obligations hereunder whether or not a suit is commenced. . . .*

(*See id.* Ex. B at p. 8 (emphasis added).) Based on the foregoing provisions of the Franchise and Lease Agreements, the Court finds that Plaintiffs are entitled to "reasonable attorneys' fees" and "costs and expenses" expended as a result of Defendant Mr. Omar, Inc.'s breaches of the Franchise and Lease Agreements.

Plaintiffs also seek sanctions in the form of costs and attorney fees from Defendants' counsel, Mr. Mohamed J. Zaher, for Mr. Zaher's failure to conduct a reasonable inquiry before filing Defendants' "Motion for Leave of Court to Amend to Include Counter-Complaint and Its [*sic*] Affirmative Defenses" (hereinafter referred to as "Defendants' motion for leave to amend"). In arguing that sanctions against Mr. Zaher are appropriate, Plaintiffs state that this Court, in its October 22, 2007 Opinion and Order denying Defendants' motion for leave to amend, found that Defendants' proposed amended pleading was "'futile' and asserted in 'bad faith.'" (Pls.' Br. at 7.) Plaintiffs request costs and attorney fees from Mr. Zaher pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927.[3]

---

[3]Plaintiffs also request costs and attorney fees from Defendants pursuant to Rule 11 and 28 U.S.C. § 1927. Because the Court has found that Plaintiffs are entitled to attorney fees and costs from Defendants based on Defendant Mr. Omar, Inc.'s breaches of the Franchise and Lease Agreements, the Court does not consider Plaintiffs' arguments that they are entitled to attorney fees and costs from Defendants pursuant to Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927.

5

Pursuant to Rule 11 of the Federal Rules of Civil Procedure, each "pleading, written motion, or other paper" provided to a federal district court carries an implied certification that:

> to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> . . .
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified are reasonably based on belief of a lack of information.

FED. R. CIV. P. 11(b). Furthermore, "[i]f, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." FED. R. CIV. P. 11(c)(1). In the Sixth Circuit, "the test for imposition of Rule 11 sanctions is whether the individual attorney's conduct was reasonable under the circumstances."[4]

---

[4]Because the Court believes that Rule 11 of the Federal Rules of Civil Procedure provides "suitable standards for assessing the conduct" of Defendants' counsel, and because Plaintiffs "have satisfied the 'safe harbor' requirements for imposition of Rule 11 sanctions by serving their motion 21 days before filing it, *see* FED. R. CIV. P. 11(c)(1)(A); *see also First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 510-11

*Mann v. G & G Mfg., Inc.*, 900 F.2d 953, 958 (6th Cir. 1990).

Having reviewed the record in this case and being familiar with the disposition of Defendants' motion for leave to amend, the Court finds that Defendants' counsel, Mr. Zaher, failed to conduct a reasonable inquiry to ensure that the factual contentions in Defendants' motion for leave to amend and the accompanying proposed pleading had evidentiary support. *See* FED. R. CIV. P. 11(b)(3)-(4). The Court also finds that Mr. Zaher failed to conduct a reasonable inquiry to ensure that Defendants' motion for leave to amend was not being filed for the improper purposes of causing unnecessary delay and needlessly increasing the cost of this litigation. *See* FED. R. CIV. P. 11(b)(1). As indicated in the Court's October 22, 2007 Opinion and Order denying Defendants' motion for leave to amend, Defendants' sought leave to amend their answer in "bad faith" and the allegations made in the proposed amended pleading were made without evidentiary support. (*See* 10/22/07 Op & Or. at 6-8.) Consequently, the Court concludes that Mr. Zaher's filing of Defendants' motion for leave to amend is sanctionable under Rule 11 of the Federal Rules of Civil Procedure.

Because the Court has determined that Plaintiffs are entitled to "reasonable attorneys' fees" and "costs and expenses" from Defendants based on Defendant Mr.

---

(6th Cir. 2002), the Court need not separately address the availability of sanctions under 28 U.S.C. § 1927." *B&H Med., L.L.C. v. ABP Admin., Inc.*, 354 F. Supp. 2d 746, 748 (E.D. Mich. 2005)(citing *Runfola & Assocs., Inc. v. Spectrum Reporting II, Inc.*, 88 F.3d 368, 375 (6th Cir. 1996)).

Omar, Inc.'s breaches of the Franchise and Lease Agreements,[5] and because the Court has determined that Plaintiffs are entitled to sanctions in the form attorney fees from Defendants' counsel, Mr. Zaher, for his filing of Defendants' motion for leave to amend, the Court must now determine the reasonable attorney fees and costs Plaintiffs are entitled to.  Plaintiffs have attached the Certification of Donna Szegda to their detailed and accurate accounting in which Ms. Szegda refers to the billing statements of Plaintiffs' counsel.  (*See* Szegda Cert.)  The Court has carefully reviewed the billing statements attached to Ms. Szegda's certification and believes that the attorney fees and costs set forth therein are reasonable as required by the relevant provisions of the Franchise and Lease Agreements.  Therefore, the Court finds that Plaintiffs are entitled to $91,526.27[6] in attorney fees and costs from Defendants for Defendants' breaches of the Franchise and Lease Agreements.  (*See* Szegda Cert. ¶ 9 and Exhibit 5 attached thereto.)

Plaintiffs also "request that this Court enter an Order that Defendants and Defendants' counsel are jointly and severally liable for Plaintiffs' attorney fees."  (Pls.' Detailed & Accurate Acctg. at 7.)  Contrary to Plaintiffs' assertion, any sanction imposed under Rule 11 against Mr. Zaher "must be limited to what suffices to deter the

---

[5]Because Defendant Wael Elhajormar personally guaranteed all of Defendant Mr. Omar, Inc's obligations under the Franchise and Lease Agreements, he is personally liable for all costs and attorney fees owed under the terms of the Franchise and Lease Agreements.

[6]In their detailed and accurate accounting, Plaintiffs state that the have incurred $4,170.00 in attorney fees in March 2008, and thus, Plaintiffs request a total of $95,696.27 in attorney fees and costs.  Plaintiffs, however, have not provided any evidence substantiating their claim for the March 2008 attorney fees.  Therefore, the Court declines to award the $4,170.00 in attorney fees for March 2008.

[sanctionable] conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). Therefore, Mr. Zaher can be held liable only for the conduct this Court has deemed sanctionable, i.e., Mr. Zaher's filing of the motion for leave to amend, not the entire amount of attorney fees incurred by Plaintiffs in this action.

Plaintiffs did not provide the Court with the attorney fees incurred in connection with this sanctionable conduct; rather, they simply set forth the total attorney fees incurred in defending this action. It is therefore impossible for this Court to determine the amount of the attorney fees that were incurred as a result of Mr. Zaher's filing of the motion for leave to amend. Nevertheless, the Court finds that a sanction of $5,000 in attorney fees against Mr. Zaher and his law firm The Independence Law Associates, P.L.C. is appropriate to deter repetition of Mr. Zaher's conduct. *See* FED. R. CIV. P. 11(c)(4). Therefore, Mr. Zaher, and his law firm The Independence Law Associates, P.L.C., will be jointly and severally liable with Defendants for $5,000 in attorney fees. *See* FED. R. CIV. P. 11(c)(1).

Accordingly,

**IT IS ORDERED** that Plaintiffs are awarded $160,469.15 in damages from Defendants for Defendant Mr. Omar, Inc's breaches of the Franchise and Lease Agreements and Defendant Elhajormar's breaches of his personal guarantees of all Defendant Mr. Omar, Inc.'s obligations under the Franchise and Lease Agreements.

**IT IS FURTHER ORDERED** that Plaintiffs are awarded $91,526.27 in attorney fees and costs from Defendants based on the relevant provisions of the Franchise and Lease Agreements.

**IT IS FURTHER ORDERED** that Plaintiffs' motion for Rule 11 Sanctions against Defendants' counsel is **GRANTED**. Pursuant to Rule 11(c)(6) of the Federal Rules of Civil Procedure, the Court finds that Defendants' counsel, Mr. Mohamed J. Zaher filed Defendants' "Motion for Leave of Court to Amend to Include Counter-Complaint and Its [*sic*] Affirmative Defenses" without conducting a reasonable inquiry to ensure that: (1) the factual contentions in Defendants' motion for leave to amend and the accompanying proposed pleading had evidentiary support as required by FED. R. CIV. P. 11(b)(3)-(4); and (2) it was not being presented for the improper purposes of causing unnecessary delay and needlessly increasing the cost of this litigation as required by FED. R. CIV. P. 11(b)(1).

**IT IS FURTHER ORDERED** that Plaintiffs are awarded $5,000 in sanctions under Rule 11 from Mr. Mohamed Zaher and his law firm The Independence Law Associates, P.L.C. Mr. Zaher is jointly and severally liable with Defendants for the $5,000 in sanctions.

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:
Kevin A.S. Fanning, Esq.
Douglas R. Kelly, Esq.
Mohamed J. Zaher, Esq.